**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**NORFOLK DIVISION**

AF HOLDINGS LLC,

Plaintiff,

v.

JOHN DOES 1-77,

Defendants.

CASE NO. 2:11-cv-00383-RBS-TEM

Judge: Hon. Rebecca Beach Smith

Magistrate Judge: Hon. Tommy E. Miller

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S *EX PARTE* MOTION FOR LEAVE TO TAKE DISCOVERY PRIOR TO THE RULE 26(f) CONFERENCE**

Plaintiff AF Holdings LLC, the current owner of the copyright in the creative work at issue in this case, which was distributed via the BitTorrent protocol, seeks leave of this Court to serve limited, immediate discovery on third party Internet Service Providers ("ISPs") to determine the identities of Doe Defendants. The Court should grant this motion because Plaintiff would suffer irreparable harm if expedited discovery is not granted, because *ex parte* relief is proper under the circumstances and because the First Amendment does not shiled the identities of alleged infringers from disclosure where a plaintiff, as here, has established a *prima facie* showing of copyright infringement.

**FACTUAL BACKGROUND**

Plaintiff, a producer of adult entertainment content, filed its Complaint against Doe Defendants alleging copyright infringement and civil conspiracy. (*See* Compl.) Defendants, without authorization, used an online peer-to-peer ("P2P") media distribution system to download Plaintiff's copyrighted works and distribute Plaintiff's copyrighted works to the public, including by making Plaintiff's copyrighted works available for distribution to others. (Compl. ¶ 23.) Although Plaintiff does not know the true names of the Defendants, Plaintiff has

identified each Defendant by a unique Internet Protocol ("IP") address which corresponds to that Defendant on the date and at the time of the Defendant's infringing activity. (Hansmeier Decl. ¶ 15.) Additionally, Plaintiff has gathered evidence of the infringing activities. (*Id.* ¶¶ 12–20.) Plaintiff has downloaded the video file that each Defendant unlawfully distributed and has confirmed that the files contained Plaintiff's copyrighted Video. (*Id.* ¶ 19.) All of this information was gathered by a technician using procedures designed to ensure that the information gathered about each Doe Defendant was accurate. (*Id.* ¶ 12.)

Plaintiff has identified the ISPs that provide Internet access to each Defendant and assign the unique IP address to the Defendant. (*Id.* ¶¶ 15–17.) When presented with a Defendant's IP address and the date and time of the infringing activity, an ISP can identify the name and address of the Doe Defendant (*i.e.*, the ISP's subscriber) because that information is contained in the ISP's subscriber activity log files. (*Id.* ¶¶ 21–22.) ISPs typically keep log files of subscriber activities for only limited periods of time—sometimes for as little as weeks or even days—before erasing the data. (*Id.*)

In addition, some ISPs lease or otherwise allocate certain IP addresses to unrelated, intermediary ISPs. (*Id.* ¶ 23.) Because leasor ISPs have no direct relationship (customer, contractual, or otherwise) with the end-user, they are unable to identify the Doe Defendants through reference to their user logs. (*Id.*) The leasee ISPs, however, should be able to identify the Doe Defendants by reference to their own user logs and records. (*Id.*)

## ARGUMENT

The Court should grant this motion for three reasons: Plaintiff will suffer irreparable harm if expedited discovery is not granted, *ex parte* relief is proper under the circumstances and the First Amendment does not shield the identities of alleged infringers from disclosure where a plaintiff, as here, has established a *prima facie* showing of copyright infringement.

///

///

**I.    THE COURT HAS AUTHORITY TO GRANT *EX PARTE* RELIEF, PLAINTIFF HAS GOOD CAUSE FOR SEEKING EXPEDITED DISCOVERY, AND GRANTING PLAINTIFF'S REQUEST WILL NOT PREJUDICE DEFENDANTS**

The Court has broad authority under the Federal Rules of Civil Procedure to manage the discovery process. *See, e.g.*, Fed. R. Civ. P. 26(d); *id.* 16(b)(3)(B); *id.* 16(c)(2)(F). Rule 26(d)(1) explicitly permits a party to seek discovery from any source before the parties have conferred when authorized by a court order. *Id.* 26(d)(1). Although the Fourth Circuit has not articulated a specific standard for analyzing requests for expedited discovery, courts in this jurisdiction and nationwide have used a balancing test to analyze whether Plaintiff has good cause warranting early discovery. *See Physicians Interactive v. Lathian Systems, Inc.*, No. CA 03-1193-A, 2003 WL 23018270, at *4, 10 (E.D. Va. Dec. 5, 2003) (citing *Semitool, Inc. v. Tokyo Electron Am., Inc.*, 208 F.R.D. 273 (N.D. Cal. 2002)) (granting expedited discovery under a "balance of hardships" analysis); *Semitool*, 208 F.R.D. at 276 ("Good cause may be found where the need for expedited discovery, in consideration of the administration of justice, outweighs the prejudice to the responding party."); *see also, e.g.*, *Platinum Mfg. Int'l, Inc. v. Uninet Imaging, Inc.*, No. 8:08-cv-310-T-27, 2008 WL 927558, at *1 (M.D. Fla. Apr. 4, 2008) (recognizing that "expedited discovery may be appropriate in copyright infringement cases" but denying where plaintiff failed to show good cause); *Arista Records LLC v. Does 1–7*, No. 3:08-CV-18, 2008 WL 542709, at *1 (M.D. Ga. Feb 25, 2008) (granting expedited discovery of Doe defendants' identifying information where ISP logs would be destroyed with time and plaintiffs had no other way to obtain the information). Plaintiff has good cause for seeking expedited discovery because physical evidence of infringement will be destroyed with the passage of time and because this suit cannot proceed without this information. At the same time, Plaintiff's request does not prejudice Defendants. Therefore, this Court should grant Plaintiff's motion.

**A.    Plaintiff will Suffer Irreparable Harm if Expedited Discovery is not Granted**

Plaintiff will suffer irreparable harm if expedited discovery is not granted because physical evidence of infringement will be destroyed with the passage of time and because this suit cannot proceed without this information.

First, time is of the essence here because ISPs typically retain user activity logs containing the information sought by Plaintiff for only a limited period of time before erasing the data. (Hansmeier Decl. ¶ 22.) If that information is erased, Plaintiff will have no ability to identify the Defendants, and thus will be unable to pursue its lawsuit to protect the copyrighted works. (*Id.*) Federal courts have not hesitated to grant motions for expedited discovery under similar circumstances, where physical evidence—in this case, ISP logs—could be consumed or destroyed with the passage of time. *E.g.*, *Physicians Interactive*, 2003 WL 23018270, at *10 (granting expedited discovery and finding unusal conditions that would likely prejudice plaintiff where "electronic evidence is at issue" because "electronic evidence can easily be erased and manipulated"); *see also, e.g.*, *Living Scriptures v. Doe(s)*, No. 10-cv-0182-DB, 2010 WL 4687679, at *1 (D. Utah Nov. 10, 2010) (granting motion for expedited discovery where the information sought by plaintiff was "transitory in nature"); *Arista Records LLC v. Does 1–7*, 2008 WL 542709, at *1 (granting because "time is of the essence" and ISP logs are essential to plaintiffs' "ability to pursue their claims"); *Interscope Records v. Does 1–14*, No. 07-4107-RD, 2007 WL 2900210, at *1 (D. Kan. Oct. 1, 2007) (granting immediate discovery from ISPs because "the physical evidence of the alleged infringers' identity and incidents of infringement could be destroyed to the disadvantage of plaintiffs"); *Pod-Ners, LLC v. Northern Feed & Bean of Lucerne Ltd.*, 204 F.R.D. 675, 676 (D. Colo. 2002) (granting emergency motion for expedited discovery where "[f]urther passage of time . . . makes discovery . . . unusually difficult or impossible").

Second, courts regularly grant expedited discovery where such discovery will "substantially contribute to moving th[e] case forward." *Semitool*, 208 F.R.D. at 275–76; *see also Living Scriptures*, 2010 WL 4687679, at *1 (granting motion for expedited discovery of Doe Defendants because "without such information this case cannot commence"). Here, the present lawsuit simply cannot proceed without discovering the identities of the Defendants. Although Plaintiff was able to observe Defendants' infringing activity through forensic software, this system does not allow Plaintiff to access Defendants' computers to obtain identifying

information. (Hansmeier Decl. ¶ 15.) Nor does this software allow Plaintiff to upload a file onto Defendant's computer or communicate with it in a manner that would provide notice of infringement or suit. (*Id.*) Hence, the Plaintiff needs Defendants' actual contact information to be able to communicate with them and name them in this lawsuit.

Third, although a certain court denied a similar request for expedited discovery, the same court granted expedited discovery under arguably less ideal circumstances. *Compare Io Group v. Does 1–65*, 2010 WL 4055667, at *3 (Conti, J.) (approving expedited discovery where defendants were alleged to have infringed 44 *different* and *separate* copyrighted works—though no single Doe defendant was alleged to have infringed more than *five* of the works, and most Doe defendants were alleged to have infringed a *single* work out of the 44 total), *with Millennium TGA, Inc. v. Does 1-21* No. 11-2258C, 2011 WL 1812786 (N.D. Cal. May 12, 2011) (Conti, J.) (denying discovery where Plaintiff's civil conspiracy pleadings matched those in a previously granted motion for expedited discovery and Plaintiff, as in the instant case, alleged infringement of a single work).

**B.      Plaintiff's Request Does Not Prejudice Defendants**

Finally, Plaintiff's request for discovery of the Defendants' identities does not prejudice Defendants. *See UMG Recordings, Inc. v. Does 1–4*, No. 06-0652 SBA, 2006 WL 1343597, at *1 (N.D. Cal. Mar. 6, 2006) (concluding that good cause for expedited discovery of Doe defendants' identities in a similar copyright infringement case "outweighs any prejudice . . . for several reasons"); *Semitool*, 208 F.R.D. at 277 (finding defendants are not prejudiced by limited early discovery). Plaintiff's request will not prejudice Defendants because it is limited to basic contact information; because Defendants have minimal expectations of privacy; and because the First Amendment does not shield copyright infringement.

**1.      Discovery is non-prejudicial to Defendants because Plaintiff's request is limited in scope**

The information requested by Plaintiff is limited to basic identifying information of Defendants. By limiting the scope of its expedited discovery request, Plaintiff minimizes any

prejudice to Defendants. *See Warner Bros. Records v. Does 1–14*, No. 8:07-CV-625-T-24, 2007 WL 4218983, at *1–2 (M.D. Fla. Nov. 29, 2007) ("Significantly, the only discovery that is being permitted prior to the Rule 26 conference is the production of information that may lead to the identity of the Does. It is reasonable to carry out this very limited discovery before the Rule 26 process begins."); *Semitool*, 208 F.R.D. at 277 (noting with approval the "narrow" scope of plaintiff's requests). Further, Plaintiff intends to use the information disclosed pursuant to its subpoenas only for the purpose of protecting its rights under the copyright laws.

Limited expedited discovery requests of this type are far from unprecedented. In addition to hundreds of similar requests in lawsuits filed by copyright holders nationwide, the disclosure of personally identifying information by the cable providers was contemplated by Congress nearly three decades ago in the Cable Communications Policy Act of 1984, Pub. L. 98-549, § 2, 98 Stat. 2794 (codified as amended at 47 U.S.C. § 551 (2001)). Cable operators may disclose such information when ordered to do so by a court. § 551(c)(2)(B) (2001). The Act also requires the ISP to notify each subscriber about whom disclosure is sought about the subpoena, thus providing them with an opportunity to appear and object. *Id.*

> 2.  **Discovery is non-prejudicial because Defendants have minimal expectations of privacy in basic subscriber information**

Defendants have little expectation of privacy because they have diminished these expectations by opening their computers to others through peer-to-peer file sharing. Courts have repeatedly rejected privacy objections to discovery of personal contact information in copyright infringement cases, concluding that defendants in these cases have minimal expectations of privacy. *See, e.g.*, *Arista Records, LLC v. Doe 3*, 604 F.3d 110, 118–19 (2d Cir. 2010) (concluding that plaintiff's need for discovery of alleged infringer's identity outweighed defendant's First Amendment right to anonymity); *Sony BMG Music Entm't Inc. v. Doe*, No. 5:08-CV-109-H, 2009 WL 5252606, at *8 (E.D.N.C. Oct. 21, 2009) ("A defendant has little expectation of privacy in allegedly distributing music over the internet without the permission of the copyright holder."); *Virgin Records Am., Inc. v. Doe*, No. 5:08-CV-389-D, 2009 WL 700207,

at *3 (E.D.N.C. Mar. 16, 2009) (same); *Warner Bros. Records, Inc. v. Doe*, No. 5:08-CV-116-FL, 2008 WL 5111884, at *8 (E.D.N.C. Sept. 26, 2008) (same); *Sony Music Entm't Inc. v. Does 1–40*, 326 F. Supp. 2d 556, 567 (S.D.N.Y. 2004) ("[D]efendants' First Amendment right to remain anonymous must give way to plaintiffs' right to use the judicial process to pursue what appear to be meritorious copyright infringement claims."). Courts in many jurisdictions have also rejected challenges to disclosure of personally identifiable information based on privacy provisions of Family Educational Rights and Privacy Act ("FERPA") where defendants are students. *See, e.g.*, *Fonovisa, Inc. v. Does 1–9*, No. 07-1515, 2008 WL 919701, *7–*8 (W.D. Pa. Apr. 3, 2008) (concluding that 20 U.S.C. § 1232g(b)(2) expressly authorizes disclosure of "directory information" such as name, address, and phone number; and that a MAC address does not fall within the purview of FERPA at all); *Arista Records LLC v. Does 1–4*, 589 F. Supp. 2d 151, 153 (D. Conn. 2008) (same); *Arista Records, L.L.C. v. Does 1–11*, 1:07CV2828, 2008 WL 4449444, at *3 (N.D. Ohio Sept. 30, 2008); *Warner Bros. Records, Inc. v. Does 1–14*, 2007 WL 4218983, at *2 ("[C]ontrary to the defendants' assertion, the information sought is not protected by 20 U.S.C. § 1232g."); *cf. Arista Records LLC v. Does 1–7*, 2008 WL 5427029, at *2 n.1 ("The Court finds it unnecessary for purposes of this Order to address whether FERPA affects the University of Georgia's ability to disclose the information sought by Plaintiffs . . . .").

In addition, the courts have held that Internet subscribers do not have an expectation of privacy in their subscriber information, as they have already conveyed such information to their Internet Service Providers. *United States v. Hambrick*, Civ. No. 99-4793, 2000 WL 1062039, at *4 (4th Cir. Aug. 3, 2000) (finding a person does not have a privacy interest in the account information given to the ISP in order to establish an email account); *see also, e.g.*, *Smith v. Maryland*, 442 U.S. 735, 743–44 (1979) ("This Court consistently has held that a person has no legitimate expectation of privacy in information he voluntarily turns over to third parties."); *United States v. Beckett*, 369 F. App'x 52, 56 (11th Cir. 2010) (finding defendant could not have had a reasonable expectation of privacy in identifying information collected during internet usage by ISPs in the ordinary course of their business); *Guest v. Leis*, 255 F.3d 325, 335–36 (6th

Cir. 2001) ("Individuals generally lose a reasonable expectation of privacy in their information once they reveal it to third parties."); *United States v. Kennedy*, 81 F. Supp. 2d 1103, 1110 (D. Kan. 2000) (defendant's Fourth Amendment rights were not violated when an ISP turned over his subscriber information, as there is no expectation of privacy in information provided to third parties).

And finally, as one court aptly noted, "if an individual subscriber opens his computer to permit others, through peer-to-peer file-sharing, to download materials from that computer, it is hard to understand just what privacy expectation he or she has after essentially opening the computer to the world." *In re Verizon Internet Services, Inc.*, 257 F. Supp. 2d 244, 267 (D.D.C. 2003), *rev'd on other grounds*, *Recording Indus. Ass'n of America, Inc. v. Verizon Internet Services, Inc.*, 351 F.3d 1229 (D.C. Cir. 2003).

### 3. Discovery is non-prejudicial because the First Amendment is not a shield for copyright infringement

The First Amendment does not bar the disclosure of Defendants' identities either because anonymous speech, like speech from identifiable sources, does not have absolute protection. The First Amendment does not protect copyright infringement, and the Supreme Court, accordingly, has rejected First Amendment challenges to copyright infringement actions. *See, e.g.*, *Harper & Row Publishers, Inc. v. Nation Enters.*, 471 U.S. 539, 555–56, 569 (1985). It is also well established in federal courts that a person downloading copyrighted content without authorization is not entitled to have their identity protected from disclosure under the First Amendment—the limited protection afforded such speech gives way in the face of *a prima facie* showing of copyright infringement. *E.g.*, *Arista Records, LLC v. Doe No. 1*, 254 F.R.D. 480, 481 (E.D.N.C. 2008) ("[W]hile a person using the internet to distribute or download copyrighted music without authorization engages in the exercise of speech, the First Amendment does not protect that person's identity from disclosure.") (Boyle, J.); *Sony Music*, 326 F. Supp. 2d at 566 ("[D]efendants have little expectation of privacy in downloading and distributing copyrighted songs without permission."); *see also Arista Records, LLC v. Does 1–19*, 551 F. Supp. 2d 1, 8

(D.D.C. 2008) ("[C]ourts have routinely held that a defendant's First Amendment privacy interests are exceedingly small where the 'speech' is the alleged infringement of copyrights."); *Interscope Records v. Does 1–14*, 558 F. Supp. 2d 1176, 1178 (D. Kan. 2008); *Alvis Coatings, Inc. v. Does 1–10*, No. 3L94 CV 374-H, 2004 WL 2904405, at *3 (W.D.N.C. Dec. 2, 2004) (denying motion to quash subpoena because "where a plaintiff makes a *prima facie* showing that an anonymous individual's conduct on the Internet is . . . unlawful, the plaintiff is entitled to compel production of his identity"). The *Sony Music* court found that the plaintiffs had made a *prima facie* showing of copyright infringement by alleging (1) ownership of the copyrights or exclusive rights of copyrighted sound recordings at issue; and (2) that "each defendant, without plaintiffs' consent, used, and continue[d] to use an online media distribution system to download, distribute to the public, and/or make available for distribution to others certain" copyrighted recordings. 326 F. Supp. 2d. at 565.

Here, Plaintiff has made a *prima facie* showing of copyright infringement. First, it alleged ownership of the copyrights of the creative work at issue in this case. (*See* Compl. ¶¶ 18–21.) Second, it also submitted supporting evidence listing copyrighted works downloaded or distributed by Defendants using BitTorrent. (Compl. ¶ 3.) Thus, the limited protection afforded to Defendants by the First Amendment must give way to Plaintiff's need to enforce its rights.

In summary, the Court has well-established authority to authorize expedited discovery of the Doe Defendants' identities based on a showing of good cause. Plaintiff has made this showing of good cause because evidence of infringement may be destroyed and because this information is necessary for this action to continue. The discovery of this information will not prejudice Defendants because it is narrowly limited in scope; because Defendants have minimal expectations of privacy; and because the First Amendment does not bar disclosure of Defendants' identities when they engage in copyright infringement. For these reasons, the Court should grant Plaintiff's motion for expedited discovery.

## II.  *EX PARTE* RELIEF IS APPROPRIATE UNDER THE CIRCUMSTANCES

*Ex parte* relief is appropriate under the circumstances where there are no known defendants with whom to confer. Courts routinely and virtually universally allow *ex parte* discovery to identify "Doe" defendants. *See Gordon v. Leeke*, 574 F.2d 1147, 1152–53 (4th Cir. 1978) (holding that the district court erred in dismissing case and denying leave to amend, and "should have afforded [plaintiff] the opportunity to discover" the identities of defendants); *see also, e.g.*, *Wakefield v. Thompson*, 177 F.3d 1160, 1163 (9th Cir. 1999) (error to dismiss unnamed defendants given possibility that identity could be ascertained through discovery) (citing *Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980) ("[W]here the identity of the alleged defendants [is] not [ ] known prior to the filing of a complaint . . . the plaintiff should be given an opportunity through discovery to identify the unknown defendants.")); *Dean v. Barber*, 951 F.2d 1210, 1215 (11th Cir. 1992) (holding that the district court erred when it denied the plaintiff's motion to join John Doe Defendant where identity of John Doe could have been determined through discovery); *Maclin v. Paulson*, 627 F.2d 83, 87 (7th Cir. 1980) (reversing and remanding because when "a party is ignorant of defendants' true identity . . . plaintiff should have been permitted to obtain their identity through limited discovery") (citing *Owens v. Haas*, 601 F.2d 1242, 1247 (2d Cir. 1979)).

Courts across the country have applied the same principles to *ex parte* expedited discovery in copyright infringement suits that are factually similar, if not identical, to this one. *See, e.g.*, *Arista Records, LLC v. Does 1–7*, 2008 WL 542709, at *1 (granting *ex parte* motion for immediate discovery on an ISP seeking to obtain the identity of each Doe defendant by serving a Rule 45 subpoena); *Warner Bros. Records Inc. v. Does 1–14*, 555 F. Supp. 2d 1, 1–2 (D.D.C. 2008) (same); *Arista Records LLC v. Does 1–43*, No. 07cv2357-LAB, 2007 WL 4538697, at *1 (S.D. Cal. Dec. 20, 2007) (same); *Warner Bros. Records, Inc. v. Does 1–20*, No. 07-CV-1131, 2007 WL 1655365, at *2 (D. Colo. June 5, 2007) (same); *cf. Arista Records, LLC v. Does 1–14*, 2008 WL 5350246, at *1 (W.D. Va. Dec. 22, 2008) (upholding order granting *ex parte* motion for immediate discovery against challenge); *Warner Bros. Records, Inc. v. Does 1–*

*14*, 2007 WL 4218983, at *2 (same). This Court should follow the well-established precedent from the Fourth Circuit and other federal courts, and permit *ex parte* discovery of the Doe Defendants' identities. As in the cases cited above, the Doe Defendants' identities are not known, but can be determined through limited discovery.

Further, *ex parte* relief is appropriate because Plaintiff is not requesting an order compelling Defendants to respond to particular discovery, where notice and opportunity to be heard would be of paramount significance to the other party. Rather, Plaintiff is merely seeking an order authorizing it to commence limited discovery directed towards a third party. For these reasons, an *ex parte* motion to discover the identities of Doe Defendants is appropriate and the Court should grant Plaintiff's motion.

## CONCLUSION

The Court should grant Plaintiff's motion for two reasons. First, Plaintiff will suffer irreparable harm without expedited discovery because physical evidence of infringement will be destroyed with the passage of time and because this suit cannot proceed without this information. Granting Plaintiff's motion will not prejudice Defendants because Plaintiff's request is limited in scope and the information is readily obtainable from third parties; because Defendants have minimal expectations of privacy; and because the First Amendment is not a shield for anonymous copyright infringement. Second, *ex parte* relief is proper under the circumstances where there are no known defendants with whom to confer. Therefore, Plaintiff respectfully asks the Court to grant this motion and enter an Order substantially in the form of the attached Proposed Order.

*///*

*///*

*///*

*///*

*///*

*///*

Respectfully submitted,

AF Holdings LLC

DATED: July 7, 2011

By: /s/ Timothy V. Anderson
Timothy V. Anderson
Anderson & Associates, PC
2492 N. Landing Rd, Ste 104
Virginia Beach, VA 23456
VSB 43803
Counsel for the Plaintiff
757-301-3636t
757-301-3640f
timanderson@virginialawoffice.com