UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
NORFOLK DIVISION



AF HOLDINGS L.L.C.,

    Plaintiff,

v.                                  CIVIL NO. 2:11cv383

JOHN DOES 1-77,

    Defendants.

## ORDER

On July 6, 2011, the plaintiff, AF Holdings L.L.C. ("Plaintiff"), filed suit in this court seeking declaratory, injunctive, and compensatory relief. Plaintiff alleges that the defendants, known only to Plaintiff by their internet protocol addresses,[1] infringed Plaintiff's copyright for the adult video "Sexual Obsession" and engaged in civil conspiracy by acting in concert to download, reproduce, and distribute the video without Plaintiff's permission.

Plaintiff states in the Complaint that it "is a limited liability company organized and existing under the laws of the Federation of Saint Kitts and Nevis." Compl. ¶ 2. Subject matter jurisdiction for the suit is based on the court's jurisdiction over copyright infringement claims and supplemental

---

[1] Although Plaintiff makes this allegation, no list of internet protocol addresses was attached to the Complaint as Exhibit A as represented. See Compl. ¶ 4; see also infra note 3.

jurisdiction. Compl. ¶ 5. Personal jurisdiction and venue are asserted on Plaintiff's information and belief that all defendants either reside in Virginia or committed copyright infringement therein. Compl. ¶ 6. As to its standing to sue, Plaintiff states that it is "the assignee and owner of all right, title and interest worldwide in the video and all propriety rights therein including, without limitation, all copyrights and all past and future causes of action with respect to the same," because "[u]pon information and belief, Plaintiff received this assignment from the Video's author and/or assignees of the Video's author." Compl. ¶¶ 18, 19.

However, Plaintiff also provides contrary information in the Complaint. In Paragraph 8, Plaintiff states that that joinder of all defendants is proper because they share the same issues of law, including "[w]hether the Plaintiff is the copyright holder of the Video." Compl. ¶ 8. Additionally, Plaintiff includes with the Complaint the "Certificate of Registration" from the United States Copyright Office for "Sexual Obsession," which lists that the author and copyright claimant as Heartbreaker Films in California. Compl. Attach. Finally, in Plaintiff's Financial Disclosure Statement, required to be filed with the court at first appearance pursuant to Local Rule 7.1, Plaintiff "certifies that there are no parents, trusts, subsidiaries and/or affiliates of said party that have

issued shares or debts securities to the public," and it does not disclose any such affiliated parties. Docket # 2.

A court may inquire as to whether a party has standing before the court <u>sua sponte</u>, as standing is a requirement for federal jurisdiction which may be considered by the court at any time. <u>Mt. Healthy City School Dist. Bd. of Educ. v. Doyle</u>, 429 U.S. 274, 278 (1977). "In determining whether a party has standing to bring suit, the party invoking the jurisdiction of the court bears the burden of establishing standing," and "must include the necessary factual allegations in the pleading, or else the case must be dismissed for lack of standing." <u>Bishop v. Bartlett</u>, 575 F.3d 419, 424 (4th Cir. 2009). Additionally, "the plaintiff generally must assert his own legal rights and interests, and cannot rest his claim to relief on the legal rights or interests of third parties." <u>Warth v. Seldin</u>, 422 U.S. 490, 499, (1975).

The court questions whether Plaintiff has standing to assert the copyright of "Sexual Obsession," as beyond a mere allegation that it is the assignee of the video, Plaintiff has produced no evidence of that fact. Moreover, the Complaint was not filed under oath, and <u>no copy of any assignment was attached</u>, much less verified. Indeed, Plaintiff asserts that a likely issue before the court will be whether Plaintiff is indeed the assignee of Heartbreaker Films, the author and

3

copyright claimant of "Sexual Obsession." Yet, Plaintiff has reported no connection to Heartbreaker Films, and the court will not infer one from an unverified, cursory allegation of assignment, with nothing more.

Accordingly, the court **DIRECTS** the Plaintiff to **SHOW CAUSE** within ten (10) days of this Order, as to why this suit should not be dismissed for lack of standing.[2] Absent a showing that Plaintiff has standing to pursue its claim before this court, the court will dismiss the action without prejudice.[3]

The Clerk is **DIRECTED** to send a copy of this Order to counsel for the parties.

**IT IS SO ORDERED.**

                                        /s/
                              Rebecca Beach Smith
                              United States District Judge

Norfolk, Virginia              Rebecca Beach Smith
July 14, 2011                  United States District Judge

---

[2] Under Rule 11(b) of the Federal Rules of Civil Procedure, an attorney signing and filing a pleading "certifies that to the best of the person's knowledge, information, and belief, <u>formed after an inquiry</u>," the pleading has a basis in fact and law and is being brought in good faith and not to cause delay or for any other improper purpose. Fed. R. Civ. P. 11(b) (emphasis added); see <u>infra</u> note 3.

[3] Additionally, Plaintiff has affirmatively sought that the Complaint not be served at this time and does not identify any defendants, except as John Does 1-77. No internet protocol addresses are even identified, but are allegedly known to Plaintiff. See <u>supra</u> note 1.

4