IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
NORFOLK DIVISION

| | |
|---|---|
| AF HOLDINGS LLC, | CASE NO. 2:11-cv-00383-RBS-TEM |
| Plaintiff, | Judge: Hon. Rebecca Beach Smith |
| v. | Magistrate Judge: Hon. Tommy E. Miller |
| JOHN DOES 1-77, | |
| Defendants. | |

**PLAINTIFF AF HOLDINGS LLC'S RESPONSE TO THE COURT'S JULY 14, 2011,
ORDER TO SHOW CAUSE**

Plaintiff AF Holdings LLC respectfully submits this response to the Court's July 14, 2011 Order to show cause as to why this suit should not be dismissed for lack of standing.

**BACKGROUND**

On July 6, 2011, Plaintiff filed suit in this Court seeking declaratory, injunctive and compensatory relief. (*See* Compl.) On July 14, 2011, the Court, acting under its inherent powers to inquire into whether a party has standing, ordered Plaintiff to show cause as to why its case should not be dismissed for lack of standing. (*See* Order to Show Cause, ECF No. 6.) Plaintiff submits this response.

**LEGAL STANDARD**

Courts have long recognized that a purchaser of a copyright can sue for infringements which accrued before purchase, so long as the right to bring accrued claims is expressly transferred along with the copyright. Wenjie Li, *Standing to Sue in Another's Shoes: Can an Assignee of an Accrued Copyright Infringement Claim with No Other Interest in the Copyright*

*Itself Sue for the Infringement?*, 28 Pace L. Rev. 73 (2007) (citing *ABKCO Music, Inc. v. Harrisongs Music, Ltd.*, 944 F.2d 971 (2d Cir. 1991); *Harold Lloyd Corp v. Witwer*, 65 F.2d 1 (9th Cir. 1933); *Wade Williams Distrib., Inc. v. Am. Broad. Co., Inc.*, No. 00 Civ. 5002, 2005 WL 774275 (S.D.N.Y. Apr. 5, 2005); *Fisher v. United Feature Syndicate, Inc.*, 37 F. Supp. 2d 1213 (D. Colo. 1999); *Intimo, Inc. v. Briefly Stated, Inc.*, 948 F. Supp. 315 (S.D.N.Y. 1996); *Kriger v. MacFadden Publ'ns, Inc.*, 43 F. Supp. 170 (S.D.N.Y. 1941); 3 Melville B. Nimmer & David Nimmer, Nimmer on Copyright § 12.02[B] (2006)).

**ARGUMENT**

In its Order, the Court questioned Plaintiff's standing because "beyond a mere allegation that it is the assignee of the video, Plaintiff has produced no evidence of that fact." (Order to Show Cause 3, July 14, 2011, ECF No. 6.) In particular, the Court criticized the omission of a copy of an assignment document from Plaintiff's filings. (*Id.*) The Court also pointed to other parts of Plaintiff's Complaint, which it read as undermining Plaintiff's standing.[1] Plaintiff has addressed the Court's concerns by submitting for the Court's review a copy of the assignment agreement between Heartbreaker Productions, Inc. and AF Holdings, LLC, which is signed and dated effective as of June 12, 2011. (Decl., Ex. C, July 15, 2011, ECF No. 7-3.) The agreement includes the following language:

> Assignors hereby irrevocably assign, convey and otherwise transfer to Assignee . . . all right, title and interest worldwide in and to that certain work titled "Sexual Obsession" and associated with copyright registration number PA0001725120 . . . and all proprietary rights therein, including, without limitation, *all copyrights*, trademarks, design patents, trade secret rights, moral

---

[1] Order to Show Cause 2, July 14, 2011, ECF No. 6. Plaintiff respectfully submits that Paragraph 8 of the Complaint does not bear on the propriety of standing in this case. Specifically, Paragraph 8 merely discusses the legal basis for joinder and, in support of that discussion, identifies a non-exhaustive selection of legal issues that are common to the Defendants. The identified issues are legal issues that commonly arise in copyright infringement cases and by identifying possible issues that will be raised and that are common to the Defendants, Plaintiff does not concede any arguments with respect to the same.

> rights, and all contract and licensing rights, *and all claims and causes of action of respect to any of the foregoing, whether now known or hereafter to become known*.

*Id.* ¶ 1 (emphasis added). This transfer language exhaustively satisfies the legal requirements for standing in this case. First, the transfer was an exhaustive transfer of all rights associated with the copyright. Second, the right to bring accrued claims was expressly included in the transfer language. Plaintiff has standing to bring claims against the Doe Defendants in this federal Court. *See, e.g.*, *ABKCO Music, Inc.*, 944 F.2d at 980–81.

## CONCLUSION

The Court questioned whether Plaintiff has standing to bring its claims. Plaintiff submitted the assignment agreement in question, which contains transfer language that exhaustively satisfies the legal requirements for standing. Plaintiff has standing to bring its claims against the Doe Defendants.

Respectfully submitted,

DATED: July 18, 2011

By: /s/_____
Timothy V. Anderson
Counsel for the Plaintiff

Timothy V. Anderson
Anderson & Associates, PC
2492 N. Landing Rd, Ste 104
Virginia Beach, VA 23456
(757) 301-3636 Tel
(757) 301-3640 Fax
Counsel for the Plaintiff