IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
NORFOLK DIVISION

| | |
|---|---|
| AF HOLDINGS LLC, | CASE NO. 2:11-cv-00383-RBS-TEM |
| Plaintiff, | Judge: Hon. Rebecca Beach Smith |
| v. | Magistrate Judge: Hon. Tommy E. Miller |
| JOHN DOES 1–77, | |
| Defendants. | |

**PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO QUASH SUBPOENA**

Movant Frederic Dabankah ("Movant") filed a motion to quash an outstanding subpoena issued to Comcast Cable Communications, LLC ("Comcast") through his attorney Peter Goldman. (Defendant's Motion to Quash Subpoena, September 26, 2011, ECF No. 12 [hereinafter "Motion to Quash"].) Movant argues that the subpoena should be quashed because the subpoena is vague, overbroad, indiscriminate, and places an undue burden on Movant. (*Id.* ¶ 4.) Movant also argues that Plaintiff seeks to violate Movant privacy rights with the subpoena. (*Id.*)

**ARGUMENT**

This brief consists of four parts: Part I argues that Movant's undue burden argument properly lies with Movant's ISP, not Movant. Part II argues that Plaintiff's need for the information sought in the subpoena outweighs Movant's limited privacy interest. Part III argues that Movant's other arguments he puts forth are not valid reasons to quash a subpoena. Part IV argues that Movant's motion is moot, at least in part, because by virtue of the motion that was

1

filed by his attorney, Movant has already provided Plaintiff with certain critical information sought in the subpoena.

## I.    MOVANT CANNOT CREDIBLY CLAIM THAT COMCAST'S COMPLIANCE WITH THE SUBPOENA WOULD UNDULY BURDEN HIM

Movant claims that the subpoena should be quashed because disclosure of his identity would subject him to an undue burden. (Motion to Quash ¶ 4.) Movant bears the responsibility of proving undue burden, and "the burden is a heavy one," requiring Movant to establish that compliance with the subpoena would be "unreasonable and oppressive." *In re Yassai*, 225 B.R. 478, 483–84 (Bankr. C.D. Cal. 1998) (citing *Williams v. City of Dallas*, 178 F.R.D. 103, 109 (N.D. Tex. 1998)). Movant cannot credibly claim any hardship at this juncture; only the nonparty ISP subject to Plaintiff's subpoena could potentially claim the same.

The exhaustive list of situations in which a court may quash or modify a subpoena is set forth in Fed. R. Civ. P. 45(c)(3). Movant's only allowable basis for quashing a subpoena is if it "requires disclosure of privileged or other protected matter, if no exception or waiver applies." *Id.* 45(c)(3)(A)(iii). No other 45(c)(3) grounds apply here; in particular, undue burden objections properly lie with subpoenaed ISPs, and not with Movant. *See* Mem. Op. & Order 14, *First Time Videos, LLC v. Does 1–500*, No. 10-C-6254 (N.D. Ill. Aug. 9, 2011) (Castillo, J.) ("[I]f anyone may move to quash these subpoenas on the basis of an undue burden, it is the ISPs themselves, as they are compelled to produce information under the subpoena."); *Call of the Wild Movie v. Does 1–1,062*, No. 10-455 (BAH), 2011 WL 996786, at *16 (D.D.C. Mar. 22, 2011) (describing undue burden test as balancing the burden imposed on the *party subject to the subpoena*, the relevance of the information sought, the breadth of the request, and the litigant's need for the information).

Movant does not explain how Comcast's compliance with Plaintiff's nonparty subpoena would be unduly burdensome to him. Movant has not yet been named as a party to this action. Because Movant is currently merely an anonymous nonparty on notice of his potential future status as a party defendant, Movant is not required to respond to the allegations presented in Plaintiff's Complaint nor otherwise litigate in this district. *See, e.g.*, *Voltage Pictures, LLC v. Does 1–5,000*, No. 10-0873, 2011 WL 1807438, at *3 (D.D.C. May 12, 2011) (Howell, J.). Movant faces no obligation to produce any information under the subpoena issued to his nonparty ISP and consequently "cannot claim any hardship, let alone undue hardship." *Id.*; *see also Worldwide Film Entm't, LLC v. Does 1–749*, No. 10-0038, 2010 WL 19611962, at *2 (D.D.C. May 17, 2010) (finding that movant challenging nonparty ISP subpoena cannot demonstrate "*any* burden"). As Judge Chen of the Northern District of California wrote in response to similar motions, "being named as a defendant in a case does not in and of itself constitute an undue burden such that the subpoena should be quashed." Order Den. Does' Mots. to Quash, *Hard Drive Prods., Inc. v. Does 1–46*, No. 11-1959 (N.D. Cal. June 16, 2011), ECF No. 19.

Movant bears a heavy burden of persuasion in establishing that Comcast's compliance with the nonparty ISP subpoena would be unreasonable and oppressive—a burden that Movant has no chance of meeting, as multiple courts have recently ruled in similar cases. Mem. Op. & Order 14, *First Time Videos, LLC v. Does 1–500*, No. 10-C-6254 (N.D. Ill. Aug. 9, 2011) (Castillo, J.) ("The subpoenas served on Doe Defendants' ISPs do not subject the Doe Defendants to an undue burden . . . ."); Order 1, *MCGIP, LLC v. Does 1–14*, No. 11-C-2887 (N.D. Ill. July 26, 2011) (Lindberg, J.) ("[G]iven that the subpoenas were issued to the Does' ISPs, rather than to the Does themselves, any potential burden would be shouldered by the

3

ISPs."); *MGCIP* [sic] *v. Does 1–316*, No. 10-C-6677, 2011 WL 2292958, at *1 (N.D. Ill. June 9, 2011) (Kendall, J.) (finding that because Plaintiff "issued the subpoenas to internet service providers," the moving putative defendants "cannot maintain that the subpoenas create an undue burden on them"); *Voltage Pictures*, 2011 WL 1807438, at *3. The Court should deny Movant's motion because only a subpoenaed ISP could credibly bring an undue burden argument.

## II. PLAINTIFF'S NEED FOR THE INFORMATION SOUGHT IN THE SUBPOENA OUTWEIGHS MOVANT'S LIMITED PRIVACY INTEREST

Movant argues that through the issuance of the subpoena Plaintiff "seeks to violate the privacy rights of [Movant]." (Motion to Quash ¶ 4.) This argument is unavailing. While Movant is correct in stating he has a right to access certain aspects of the Internet, he has no right to unlawfully download and upload Plaintiff's copyrighted works while on the Internet.

Plaintiff has shown a legitimate need for discovery of Movant's identity that outweighs Movant's limited privacy interest and his limited right to anonymous speech. *MCGIP, LLC v. Does 1-14*, 11 C 2887, at *2 (N.D. Ill. July 26, 2011) (Lindberg, J.), ECF No. 19 ("This Court agrees with the courts that have held that even the limited First Amendment privacy interest held by individuals who legally share electronic files is outweighed by the plaintiff's need for discovery of alleged copyright infringers' identities.") As this Court recognized in granting Plaintiff's *Ex Parte* Application for Expedited Discovery, Plaintiff has already exhaustively satisfied the standard for pleading a *prima facie* case of copyright infringement against Doe Defendants. (ECF No. 11.) This, therefore, establishes sufficient need for the discovery in this case. Conversely, the First Amendment does not provide a shield for copyright infringers; the Supreme Court, accordingly, has rejected First Amendment challenges to copyright infringement actions. *See, e.g.*, *Harper & Row Publishers, Inc. v. Nation Enters.*, 471 U.S. 539, 555–56, 569 (1985).

4

Case 2:11-cv-00383-RBS -TEM   Document 13   Filed 09/30/11   Page 5 of 9 PageID# 88

As the Honorable District Court Judge Edward M. Chen pointed out in *UMG Recordings, Inc. v. Does 1–4*, Doe Defendants who "open[ed] their computers to others through peer-to-peer sharing" and signed service agreements with ISPs that did not have privacy stipulations, "had little expectation of privacy. No. 06-0652, 2006 WL 1343597, at *2 (N.D. Cal. Mar. 6, 2006). Movant falls under this purview for the same reasons here. Federal courts across the nation have repeatedly held that individuals who use the Internet to download or distribute copyrighted works without permission are engaging in the exercise of speech, but only to a very limited extent, and the First Amendment does not protect that person's identity from disclosure. *See, e.g.*, *id.* at *2 (applying the *Sony Music* factors and allowing discovery of Doe defendants' identities); *Sony Music Entm't v. Does 1–40*, 326 F. Supp. 2d 556, 558 (S.D.N.Y. 2004) ("[D]efendants' First Amendment right to remain anonymous must give way to plaintiffs' right to use the judicial process to pursue what appear to be meritorious copyright infringement claims."); *Arista Records, LLC v. Doe 3*, 604 F.3d 110, 118–19 (2d Cir. 2010) (concluding that plaintiff's need for discovery of alleged infringer's identity outweighed defendant's First Amendment right to anonymity); *Arista Records, LLC v. Does 1–19*, 551 F. Supp. 2d 1, 8 (D.D.C. 2008) ("[C]ourts have routinely held that a defendant's First Amendment privacy interests are exceedingly small where the 'speech' is the alleged infringement of copyrights.").

Movant cannot cloak his identity in the First Amendment when his infringing activities are not private. *MCGIP, LLC v. Does 1–18*, No. 11-1495, 2011 WL 2181620, at *1 (N.D. Cal. June 2, 2011) (Chen, J.) ("[I]t is difficult to say that Doe had a strong expectation of privacy because he or she either opened his or her computer to others through file sharing or allowed another person to do so."); *see also Voltage Pictures*, 2011 WL 1807438, at *4 (finding movants' rights to anonymity to be minimal); *In re Verizon Internet Servs., Inc.*, 257 F. Supp. 2d 244, 267

5

(D.D.C. 2003) ("[I]f an individual subscriber opens his computer to permit others, through peer-to-peer file-sharing, to download materials from that computer, it is hard to understand just what privacy expectation he or she has after essentially opening the computer to the world."), *rev'd on other grounds sub nom, Recording Indus. Ass'n of Am., Inc. v. Verizon Internet Servs., Inc.*, 351 F.3d 1229 (D.C. Cir. 2003). Because Movant's limited privacy interest must give way in light of Plaintiff's *prima facie* showing of copyright infringement, the Court should deny Movant's motion.

### III. THE ABSENCE OF CERTAIN DETAILED INFORMATION FROM A SUBPOENA IS NOT A BASIS UPON WHICH THE SUBPOENA MAY BE QUASHED

Movant claims that the subpoena is vague, overbroad, and indiscriminate. (Motion to Quash ¶ 4.) The absence of certain extremely detailed information is not an allowable basis upon which Plaintiff's subpoena may be quashed under the Federal Rules of Civil Procedure. The exhaustive list of situations in which a court may quash or modify a subpoena is set forth in Fed. R. Civ. P. 45(c)(3). Movant's only allowable basis for quashing a subpoena is if it "requires disclosure of privileged or other protected matter, if no exception or waiver applies." *Id.* 45(c)(3)(A)(iii). No other 45(c)(3) grounds apply here. *See Kessel v. Cook Cnty*, No. 00-3980, 2002 WL 398506, at *2 (N.D. Ill. Mar. 14, 2002) (rejecting all of plaintiffs' objections to defendants' non-party subpoenas except "the objections that are personal to the plaintiffs," namely "privacy, privilege and harassment").

Even if the Court is generous enough to treat Movant's objections as appropriately raised, the argument must still fail because the subpoena contains all necessary information. The subpoena was issued pursuant to this Court's Order Granting Plaintiff's Motion for Leave to Take Discovery Prior to the Rule 26(f) Conference (July 27, 2011, ECF No. 11) and is in full compliance with both that Order and with Fed. R. Civ. P. 45. The standard by which Movant

6

would have the Court evaluate whether a subpoena contains sufficient information is, ironically, unclear.

Moreover, Movant has or will have other avenues by which to obtain the detailed information he seeks. Some requested information such as the name of the video in question is readily available in Plaintiff's Amended Complaint. (Amended Compl. ¶ 3.) Movant has been informed of this action by Comcast, no documents filed in this action have been filed under seal, and all documents filed in this action are available to the public through the federal Judiciary's centralized Public Access to Court Electronic Records ("PACER") system. Finally, Plaintiff notes that the ultimate goal of issuing non-party subpoenas to ISPs is to identify Doe Defendants, to amend the Complaint to name them, and to serve them with a copy of the Complaint. If Movant believes that additional detailed factual information is crucially relevant to his defenses in this action, he will have an opportunity to take discovery in support of his defenses after service has been accomplished.

The Court should deny Movant's motion because the absence of certain detailed information is not a basis upon which a subpoena may be quashed, because Plaintiff's nonparty subpoena contains all necessary information, and because Movant has, or will have, multiple other avenues by which to obtain that information.

### IV.   MOVANT'S MOTION IS MOOT, AT LEAST IN PART, BECAUSE HE HAS PROVIDED THE INFORMATION PLAINTIFF SEEKS

This Motion is unnecessary and moot because Movant has provided Plaintiff with his name. Through the subpoena, Plaintiff has sought the identifying information of subscribers associated with the IP addresses over which infringing activity was observed. While claiming that he has a right to privacy, Movant has disclosed his private information (i.e. his name) the Court and thus the public record. Movant cannot credibly argue a right to privacy and then give

out that very same private information on the public record. Therefore, Movant has forfeited his ability to claim a right to privacy. The Court should deny Movant's motion because it is moot as to Movant's identity.

## CONCLUSION

The Court should deny Movant's motion. Movant's undue burden argument properly lies with Movant's ISP, not Movant. Plaintiff's need for the information sought in the subpoena outweighs movant's limited privacy interest. Movant's other arguments are not valid reasons to quash a subpoena. Movant's motion is unnecessary and moot because Movant has already provided Plaintiff with his name.

Respectfully submitted,

AF Holdings LLC

DATED: September 29, 2011

By: /s/ Timothy V. Anderson
Timothy V. Anderson
Anderson & Associates, PC
2492 N. Landing Rd, Ste 104
Virginia Beach, VA 23456
VSB 43803
Counsel for the Plaintiff
757-301-3636t
757-301-3640f
timanderson@virginialawoffice.com

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on September 29, 2011, all counsel of record who are deemed to have consented to electronic service are being served a true and correct copy of the foregoing document using the Court's CM/ECF system.

/s/ Timothy Anderson
TIMOTHY ANDERSON